George **KRUMPELMAN** and Myrtle M. Wright Krumpelman, Respondents,

v.

Bernard J. **KRUMPELMAN,** Margaret Mary Branch, Cecelia Gandy, Laureen Ballenger and Eileen Whitehurse, Appellants.

No. 53076.

Supreme Court of Missouri, Division No. 1.

April 8, 1968.

James J. Wheeler, Keytesville, for respondents.

Edward W. Speiser, Salisbury, for appellants.

WELBORN, Commissioner.

Quiet title action. Trial court quieted title in plaintiffs. Defendants appealed.

Plaintiffs in this action, George and Myrtle Krumpelman, are husband and wife. George and Myrtle were married June 16, 1962. George was 78 years of age at the time. Both George and Myrtle had previously been married. George had five children from his prior marriage. They are the defendants in this case. Myrtle had four children from a previous marriage.

On June 4, 1962, George and Myrtle entered into an antenuptial agreement. The agreement recited that George owned 160 acres of land in Yellow Creek Township, Chariton County, "as to which there shall be conveyed promptly after marriage a life estate in remainder to [Myrtle] to take effect in possession on the death of [George], as a provision for her support during her life in the event [Myrtle] survives [George], but as to which [George] reserves a life estate for his own life and the fee following [Myrtle's] remainder for life * * *."

The agreement further recited that Myrtle owned 140 acres in Macon County, as to which she would convey a similar interest to George.

The agreement provided that in consideration for such conveyance, "it is agreed that neither party shall upon or subsequent to said marriage acquire any interest * * * in or to the property * * * of * * * the other * * *."

On July 17, 1962, George executed a deed to Myrtle which gave rise to this action. The conveyance was of 160 acres in Chariton County. The deed was in the form of a general warranty deed to Myrtle, "her heirs and assigns." It contained the following provision:

"Grantor reserves unto himself the right to the use, possession, and profits of the aforedescribed property for and during his natural lifetime and further reserves unto himself and his heirs and assigns all the right, title and interest in the aforedescribed property after the natural lifetime of the grantee herein, Myrtle M. Wright Krumpleman."

In their petition in this action, filed October 13, 1966, plaintiffs alleged that an uncertainty existed as to whether, under this provision, the heirs of George acquired an interest in the premises, either present or future, by reason of the reservation in the deed. The defendants' answer alleged that the deed granted to them a vested remainder interest, subject to the prior life estates of George and Myrtle.

After a trial, at which George was the only witness for plaintiffs and Myrtle the only witness for defendants, and at which the deed and the antenuptial agreement were introduced in evidence, the trial court found that George was the owner of the fee, subject to the life estate of Myrtle after the death of George, and that the defendants have no interest in the property. The defendants appeal from this judgment.

On this appeal, the defendants contend that the undisputed testimony of plaintiffs at the trial was that plaintiffs intended that the remainder interest in the lands vest in defendants, subject only to the successive life estates of George and Myrtle, and that the trial court should either have so construed the deed or have reformed the deed, in accordance with the prayer of defendants' amended answer, to have given effect to such intention. Plaintiffs contend that the deed is clear on its face, but that in any event the oral declarations of the parties, were they admissible, would not support the construction contended for by defendants.

George testified that the deed had been prepared by a lawyer and that Myrtle executed a deed to him at the same time as he executed the deed to Myrtle. According to the witness: "We made a contract so her kids would get her part of her estate and mine would get mine, that's what it was made for."

"Q In other words, it was your intention that if she outlived you that she would have your property as long as she lived?

"A That's right.

"Q And when she died it was to go to your children?

"A That's right."

The witness testified that he had a similar understanding of the effect of the contract and Myrtle testified to a similar understanding of the transactions. It is this testimony upon which defendants rely.

On this appeal, appellants' sole reliance is upon the contention that this evidence established that the grantor's intention was to convey a present interest to his children and that the deed should either be construed or reformed to give effect to such intent.

■■ By what is known as the "doctrine of reversion" "* * * an inter vivos conveyance for life, with attempted remainder to the heirs or next of kin of the conveyer, is ineffective to create a remainder, but leaves a reversion in the conveyer." 28 Am.Jur.2d, Estates, § 174, p. 303. The doctrine has been recognized and applied in this state. Wells v. Kuhn, Mo.Sup., 221 S.W. 19; Stephens v. Moore, 298 Mo. 215, 249 S. W. 601; Davidson v. Davidson, 350 Mo. 639, 167 S.W.2d 641, 643[9]. Although this is only a rule of construction, which will yield to an otherwise ascertainable contrary intention on the part of the grantor (Norman v. Horton, 344 Mo. 290, 126 S.W.2d 187, 125 A.L.R. 531), our review under Supreme Court Rule 73.01, V.A.M.R. of this court-tried case does not cause us to conclude that the trial court's conclusion was "clearly erroneous."

■ The grantor did testify, largely in response to leading questions on cross-examination, that his intention was that his wife should have a life estate in the property after the grantor's death and that thereafter it was to go to the grantor's children. However, such testimony must be viewed in the light of the entire circumstances. The antenuptial agreement was obviously intended to afford the surviving party to the marriage the benefit during his or her lifetime of the whole of the property that each owned at the time of the marriage. However, it was further clear that the object of the parties' arrangement was to avoid the devolution of the property of either to the children of the other. The statements of the parties at the trial express no further or different intention. Neither testified as a person experienced in the intricacies of conveyancing. However, they knew what they wanted to accomplish and the testimony at the trial was nothing more than the witness's method of explaining how the ultimate result was intended to be accomplished. We are satisfied with the trial court's conclusion that the testimony did not show an intention of the grantor to establish a present interest in his children, whether the matter be considered from the standpoint of construction of the deed or the request for reformation. The trial court was justified in concluding that the testimony should not be given the effect which appellants urge. We find no reason to disagree with the trial court's conclusion.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.